UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AUSTIN CHANCE EVANS,<br><br>Plaintiff,<br><br>v.<br><br>MEGANN MCALLISTER,<br><br>Defendant. | Case No. 2:23-cv-00358-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Plaintiff Austin Chance Evans's application for leave to proceed *in forma pauperis* (Dkt. 1) and motion to appear remotely (Dkt. 3). For the reasons set forth below, the Court will grant his IFP application and deny his motion to appear remotely without prejudice.

### DISCUSSION

A.   **The IFP Application**

Mr. Evans, proceeding pro se, has conditionally filed a complaint against Defendant Megann McAllister. *See Compl.*, Dkt. 2. Mr. Evans did not pay the usual filing fee due when filing a complaint in federal court. Instead, he asks the Court to allow him to proceed *in forma pauperis* (without payment of fees). *See IFP Application*, Dkt. 1.

**MEMORANDUM DECISION AND ORDER - 1**

Plaintiffs who wish to pursue civil lawsuits in this District must pay a filing fee. *See* 28 U.S.C. § 1914(a). If plaintiffs wish to avoid that fee, they must submit an affidavit showing they are unable to pay. 28 U.S.C. § 1915(a). "An affidavit in support of an *in forma pauperis* application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

The Court reviewed Mr. Evans's affidavit and finds that it sufficiently states facts supporting his poverty.[1] The Court will, therefore, grant his IFP application.

**B.    Screening Order**

Because Mr. Evans is seeking to proceed *in forma pauperis*, the Court will

---

[1] In a recent review of another IFP application, it appears that there was some confusion—and concern—regarding Mr. Evans's financial status. *See Evans v. McAllister*, No. CIV 23-132-TUC-CKJ, 2023 WL 3994914, at *1 (D. Ariz. June 14, 2023) (ultimately determining that Mr. Evans was entitled to proceed *in forma pauperis*). While the Court finds that Mr. Evans's affidavit is sufficient, like the District Court for the District of Arizona, this Court advises Mr. Evans that if it becomes aware that his allegation of poverty is untrue, the Court will consider whether dismissal of this action is appropriate. *See id.*

**MEMORANDUM DECISION AND ORDER - 2**


screen the complaint under 28 U.S.C. § 1915, which requires the Court to dismiss a case if the Court determines that the case is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see also O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008).

### 1. The Pleading Standard

During this initial review, courts construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs – represented or not – must articulate their claims clearly and allege facts sufficient to support the review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Under Federal Rule of Civil Procedure 8(a), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the sufficiency of a complaint, the Court must "accept factual

allegations in the complaint as true and construe the pleadings in the light most favorable to the" plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court is not, however, required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal citation omitted).

### 2. Review of the Complaint

While not entirely clear, Mr. Evans appears to be bringing a single claim against Ms. McAllister for intentional infliction of emotional distress under this Court's diversity jurisdiction.[2]

Under Idaho law, to establish a claim for intentional infliction of emotional distress, "a plaintiff must prove that: (1) the defendant's conduct was intentional or reckless; (2) the defendant's conduct was extreme and outrageous; (3) there was a causal connection between the defendant's wrongful conduct and the plaintiff's emotional distress; and (4) the emotional distress was severe." *Berian v. Berberian*,

---

[2] The Court finds Mr. Evans's complaint establishes diversity jurisdiction. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."). Mr. Evans alleges that he is a citizen of Arizona, Ms. McAllister is a citizen of Idaho, and he is seeking damages in the amount of $76,000. *See Compl.* at 1-3, Dkt. 2.

**MEMORANDUM DECISION AND ORDER - 4**

483 P.3d 937, 950 (Idaho 2020) (quoting *James v. City of Boise*, 376 P.3d 33, 51 (Idaho 2016)). The Idaho Supreme Court has explained that only the most extreme conduct will generate liability for this tort. *See Edmondson v. Shearer Lumber Prod.*, 75 P.3d 733, 741 (Idaho 2003). "To support an IIED claim, conduct must be more than merely 'unjustifiable,' but rather must rise to the level of 'atrocious' behavior 'beyond all possible bounds of decency.'" *Bollinger v. Fall River Rural Elec. Co-op., Inc.*, 152 Idaho 632, 643, 272 P.3d 1263, 1274 (2012) (quoting *Edmondson*, 75 P.3d at 741).

Further, liability only exists where the emotional distress is sufficiently severe. *See, e.g.*, *Jeremiah v. Yanke Machine Shop, Inc.*, 953 P.2d 992, 999 (Idaho 1998) (holding that "being seriously frustrated" from enduring a hostile and abusive workplace was insufficient); *Alderson v. Bonner*, 132 P.3d 1261, 1270 (Idaho Ct. App. 2006) (finding that plaintiff's initial feelings of embarrassment, shame and anger, did "not demonstrate the sort of emotional turmoil from which liability can arise for intentional infliction of emotional distress."). Idaho courts have repeatedly referred to the commentary from the RESTATEMENT (SECOND) OF TORTS § 46 cmt. j (1965) as a guideline on the requisite severity of emotional distress, which states:

> Emotional distress passes under various names, such as mental suffering, mental anguish, mental or nervous shock, or the like. It

includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. It is only where it is extreme that the liability arises. Complete emotional tranquility is seldom attainable in this world, and some degree of transient and trivial emotional distress is a part of the price of living among people. The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it. The intensity and the duration of the distress are factors to be considered in determining its severity.

*See, e.g., Alderson*, 132 P.3d at 1269.

Mr. Evans IIED claim is based on two alleged communications with Ms. McAllister. On June 22, 2023, Mr. Evans alleges he received a message stating, "Austin you need to drop the two lawsuits you have against me[,] or you will end up 9 feet under." *Compl.* at 1, Dkt. 2. A few hours later, Mr. Evans claims he received a second message stating "[a]nd do not think about calling the police[,] it will only make things worse." *Id*. Although both messages came from anonymous sources,[3] Mr. Evans alleges that when the messages were sent, the only two lawsuits he was involved with were filed against Ms. McAllister. *See id*. As a result of these communications, Mr. Evans alleges that he "can barely sleep, has been to the [emergency room], is currently seeing mental health professionals, and a primary care physician over the anxiety, and fear caused [presumably by the

---

[3] Mr. Evans alleges that the messages came from youwishyouknew@gmail.com and www.onlinetestmessage.com. *Id.*

**MEMORANDUM DECISION AND ORDER - 6**

messages]." *Id.* Mr. Evans claims that he "is in fear for [his] life." *Id.*

Although the Court has significant concerns about Mr. Evans's claim, and his complaint would undoubtedly benefit from additional allegations, it finds that—under the liberal pro se standard—Mr. Evans's complaint makes a colorable IIED claim sufficient to survive the Court's initial screening. Accordingly, Mr. Evans may proceed with his single claim against Ms. McAllister.

This Order does not, however, guarantee that his claim will be successful. Nor is it intended to be a final or comprehensive analysis of his claim. Rather, it merely finds that his claim will not be summarily dismissed at this time. Ms. McAllister is still free to file a motion to dismiss or a motion for summary judgment if the facts and law support such a motion.

### 3. Motion to Appear Remotely

In addition to his IFP application, Mr. Evans requests that the Court allow him "to remotely appear for the Plaintiff's initial appearance, along with all future appearances." *See Motion*, Dkt. 3. Mr. Evans explains that he lives over 13,000 miles away and only makes $60 a month, therefore, making it impossible for him to appear in person. *See id.*

The Court is unsure what Mr. Evans is referring to when he requested to appear remotely for the "initial appearance." At this time, the Court has not set a

**MEMORANDUM DECISION AND ORDER - 7**

hearing or proceeding that requires Mr. Evans to physically appear in the District of Idaho. The Court, therefore, has no need—or reason—to allow Mr. Evans to appear remotely.

Additionally, the Court finds that Mr. Evans's request regarding all future proceedings is better left to be decided on an individual basis, as the issue arises. In other words, the Court finds Mr. Evans's motion premature and will, therefore, deny it without prejudice. If this issue arises in the future, Mr. Evans is free to renew his motion at that time. Mr. Evans, however, is advised that if this matter proceeds to trial, the Court has no intention of allowing him, a pro se plaintiff, to pursue his claim in a remote fashion.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's application for leave to proceed *in forma pauperis* (Dkt. 1) is **GRANTED**.

2. The Clerk of Court is **DIRECTED** to forward a copy of the Complaint (Dkt. 2), a summons, and a copy of this Order to the United States Marshal's Office, which is directed to serve Defendant at the address listed in the Summons at Docket 2-2. Defendant's answer shall be filed in accordance with Rule 12(a)(1)(A)(i).

3. Plaintiff's motion to appear remotely (Dkt. 3) is **DENIED** without prejudice.

DATED: November 2, 2023

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 9