UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AUSTIN CHANCE EVANS,<br><br>Plaintiff,<br><br>v.<br><br>MEGANN MCALLISTER,<br><br>Defendant. | Case No. 2:23-cv-00358-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are three untitled motions filed by the Plaintiff, Austin Chance Evans, who is proceeding pro se: a motion requesting permission to "submit a revised complaint," a motion asking "the court to consider having the opposing counsel recuse themself," and a motion seeking "to have all of the Plaintiff's posts to Twitter/X admissible as exhibits." Dkts. 18, 20, 25. The Defendant, Megann McAllister, has responded only to the motion to "submit a revised complaint." Dkt. 28. No reply has been filed. The Court will deny all three motions.

## BACKGROUND

Mr. Evans filed a complaint under this Court's diversity jurisdiction against

MEMORANDUM DECISION AND ORDER - 1

Ms. McAllister on August 8, 2023, alleging a single count of intentional infliction of emotional distress. *Compl.*, Dkt. 2. He also filed an application to proceed in forma pauperis. Dkt. 1. This Court granted his application to proceed in forma pauperis in November 2023, but indicated it had "significant concerns" about Evans' claim, which was based upon two alleged communications with McAllister. *Order*, Dkt. 7, at 7, 8. The communications allegedly threatened Evans that he would "end up 9 feet under" if he did not dismiss two lawsuits which were apparently pending against McAllister. *Compl.*, Dkt. 2, at 1.

Prior to commencing this action, Evans filed a complaint against McAllister in the District of Arizona raising different, but related, causes of action. *See Evans v. McAllister*, Case No. CIV 23-132-TUC-CKJ, 2023 WL 3345656 (D. Ariz. May 10, 2023) (asserting, among other claims, "emotional distress" due to the "breaking up" of his romantic relationship with McAllister). He subsequently voluntarily dismissed that case. *Evans v. McAllister*, 2023 WL 5671512, at *1 (D. Ariz. Sept. 1, 2023); *see also Evans v. McAllister*, 2024 WL 98978 (D. Ariz. Jan. 9, 2024) (ordering Evans to pay attorney's fees and costs).

Evans filed the motion "to submit a revised complaint" along with his proposed amended complaint on December 26, 2023. Dkts. 18, 19. The proposed amended complaint does not appear to alter the facts already alleged, but includes

**MEMORANDUM DECISION AND ORDER - 2**

the following additional allegations:

> II. The Defendant promised the Plaintiff a Skye figurine which was purchased. But it was never sent to the Plaintiff but instead to the Defendant.
> III. The Defendant owns two Nintendo Switches which one was supposed to be sent to the Plaintiff but was never sent to the Plaintiff.
> IV. On February 16th a Protection Order was issued against the Plaintiff from the Defendant. And it was later extended on March 1st 2023 for a year. In the protection order the Plaintiff is alleging they were untruthful in the Protection Order. Which the Plaintiff has a sworn statement and receipts to prove this.

*Am. Compl.*, Dkt. 19, at 2. The proposed amended complaint asserts five new causes of action in addition to the original claim of intentional infliction of emotional distress: malicious prosecution, tortious interference, conversion, conspiracy, and nuisance. *Id.* McAllister filed an objection to the proposed amendment. *Def.'s Obj.*, Dkt. 28. McAllister did not respond to Evans' motion to recuse opposing counsel (Dkt. 20) or his motion to admit certain exhibits (Dkt. 25).

## ANALYSIS

### A. Motion to Amend Complaint

Evans "respectfully requests to submit a revised complaint." *Pl.'s Mot.*, Dkt. 18. The Court construes this as a motion to amend the complaint. McAllister argues that the motion should be denied because the new allegations do not give rise to cognizable claims and amendment would be futile. *Def.'s Obj.*, Dkt. 28, at 3.

MEMORANDUM DECISION AND ORDER - 3

Where, as here, a plaintiff's time to amend his pleading as a matter of course has elapsed, a plaintiff may only amend his complaint with the defendant's written consent or the court's permission. Rule 15(a)(1) & (2). McAllister clearly opposes the proposed amendment. *Def.'s Obj.*, Dkt. 28. "The court should freely give leave [to amend] when justices so requires." Rule 15(a)(2). However, a court may "deny leave to amend when amendment would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith." *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725–26 (9th Cir. 2000).

### 1. Allegations Regarding the Skye Figurine and the Nintendo Switch

McAllister argues that Evans' allegations in his proposed amended complaint regarding the Skye figurine and the Nintendo Switch "simply demonstrate there was a promise of a gift, at most. Without more, the alleged promise is not enforceable." *Def.'s Obj.*, Dkt. 28, at 3. The Court agrees. A promise to make a gift in the future is not enforceable. *Christiansen v. Rumsey*, 429 P.2d 416, 418 (Idaho 1967). With respect to the Nintendo Switch to which Evans believes he is entitled, the proposed amended complaint clearly states that McAllister owned two Switches and "was supposed to" send one to Evans. *Am. Compl.*, Dkt. 19, at 2. At best, this allegation indicates that McAllister promised to send a Switch to Evans at some point in the future. The allegation regarding the

**MEMORANDUM DECISION AND ORDER - 4**

Skye figurine does not even indicate who purchased the figurine or who was responsible for delivering it to Evans. *See id.* Neither of these allegations give rise to cognizable claims for relief. Therefore, it would be futile to allow the complaint to be amended so as to include them.

### 2. Allegations Regarding the Basis for the Protection Order

In addition to the allegations concerning the Skye figurine and the Nintendo Switch, Evans also seeks to amend his complaint to include an allegation that "[i]n the protection order the Plaintiff is alleging they were untruthful in the Protection Order." *Am. Compl.*, Dkt. 19, at 2. The proposed amendment appears to allege that McAllister sought and obtained a protection order against Evans based on false statements. McAllister argues that she is immune from liability regarding any statements she made in the protection order proceedings. *Def.'s Obj.*, Dkt. 28, at 4–5.

The proposed amended complaint does not indicate what form the "untruthful" information took, who offered it, or how it precipitated the issuance of the protection order. The Court assumes Evans seeks to allege that McAllister testified or submitted a sworn statement to the court which issued the order. McAllister is immune to civil liability for such a statement. "[T]hose who testify in the course of judicial proceedings have long enjoyed absolute immunity from civil

**MEMORANDUM DECISION AND ORDER - 5**

suits based upon their words, whether perjurious or not." *Overman v. Klein*, 654 P.2d 888, 892 (Idaho 1982) (quoting *Blevins v. Ford*, 572 F.2d 1336, 1338 (9th Cir. 1978)).

Furthermore, the United States District Court for the District of Arizona notified Evans of McAllister's immunity to civil liability for statements made in obtaining a protection order approximately six months before Evans filed his motion to amend the complaint in the instant case. *Evans v. McAllister*, 2024 WL 3994914, at *2 (D. Ariz. June 14, 2023) ("[A]s to the statements made in obtaining a protective order, the Court finds McAllister is immune from liability for these statements based on the litigation privilege."). Evans' attempt to use this Court's resources in pursuing a claim against McAllister to which he knows she is immune demonstrates bad faith. Therefore, the Court will deny his motion to amend the complaint. *See Chappel*, 232 F.3d at 725–26 (a denial of leave to amend is proper when the amendment is sought in bad faith).

### B.   Motion for Recusal

Evans seeks an order to recuse McAllister's attorney, Brandon Dockins. *Pl.'s Mot.*, Dkt. 20. Evans argues that Dockins "allegedly broke 4.3 code for Idaho State Rules of Professional Conduct by: 1. Offering unsolicited information that hurt their client and defense 2. They also do not seem to care that Perjury is a

**MEMORANDUM DECISION AND ORDER - 6**

crime and it should be corrected." *Pl.'s Mot.*, Dkt. 20, at 1. Attached to the motion is an e-mail message from Dockins to Evans consisting of a single sentence regarding the issuance of protection orders based on false statements. Dkt. 20-1. McAllister has not responded to this motion.

Rule 4.3 prohibits a lawyer from providing legal advice to an unrepresented person, other than to secure counsel, if the unrepresented person's interests may conflict with the interests of the lawyer's client. Idaho R. Prof. Conduct 4.3. Dockins' message does not appear to contain legal advice. Rather, it appears to attempt to explain why Evans' additional claims in his proposed amended complaint lack merit. Dkt. 20-1. The Court sees no violation of the Rules of Professional Conduct[1] based on Evans' motion and attachment. More importantly, a motion for recusal or disqualification is properly brought against the adjudicator of a matter, not against opposing counsel. *See* 28 U.S.C. § 455. Accordingly, the Court will deny the motion for recusal.

C.   **Motion in Limine**

---

[1] The Idaho State Bar is the body tasked with enforcing the Rules of Professional Conduct against attorneys licensed in this state. Evans may file a grievance with the Bar Counsel's Office if he believes Dockins has violated the Rules.

**MEMORANDUM DECISION AND ORDER - 7**

Finally, Evans "moves to have all of the Plaintiff's posts to Twitter/X admissible as exhibits." *Pl.'s Mot.*, Dkt. 25. Evans has not submitted any proposed exhibits to the Court. *See id.* No response has been filed.

The Court construes Evans' motion as a motion in limine. Such a motion seeks to exclude or admit anticipated "evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). This "practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Id.* at 41 n.4 (citing Fed. R. Evid. 103(c), Fed. R. Crim. P. 12(e)). However, a court is unable to rule on "subtle evidentiary questions outside a factual context." *Id.* at 41. Accordingly, "unless the proffered evidence is clearly inadmissible for any purpose, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *United States v. Babichenko*, 2021 WL 2371565, *2 (D. Idaho June 9, 2021). Trial is not yet set in this case. Therefore, the Court will deny Evans' motion in limine as premature.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's motion "to submit a revised complaint" (Dkt. 18) is **DENIED**.

2. Plaintiff's motion for "the court to consider having the opposing counsel recuse themself" (Dkt. 20) is **DENIED**.

3. Plaintiff's motion "to have all of the Plaintiff's posts to Twitter/X admissible as exhibits" (Dkt. 25) is **DENIED**.

DATED: March 4, 2024

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 9